Curia, per Evans, J.
In the case of Champlin vs. Butler, 18 Johns. R. 169, it was decided that although the legal estate, according to the papers, was in one person, yet it was admissible to shew by parol, a collateral agreement that he was only a mortgagee, and, as such, not liable until he took possession ; which Chancellor Kent seems to think is the law, according to the American authorities, and is clearly the law of New York. But the parol evidence was not in this case received for that purpose, and it is not intended to express any opinion as to the correctness of the decision in that case.
In the charge of the circuit Judge, the jury were instructed that the defendants were to be regarded as the legal owners of the Hayne, and, as such, would, in general, be liable, but that circumstances might exist which would exempt them from this liability, as if the vessel was navigated by Stocker for his own exclusive benefit, and the goods were furnished on his contract, and on his individual credit. If this was correct, as I shall hereafter shew, then the facts and circumstances attending Stocker’s possession may be proved, in order to shew that the defendants were not liable. If the rule of law was inflexible, that the owners are liable at all events, then there would be some *479 force in the objection made to the evidence received in this case, but the objection would be rather that it was irrelevant than that it violated the rule of law, that parol evidence was inadmissible to vary, or alter, a written contract. In the case of Leonard vs. Huntington, 15 Johns. R. 301, it was admitted by that learned lawyer, T. A. Emmet, that the legal owner was not liable where credit had been given to some other person, or where some act or contract could be shewn which prevents the liability of the owner.
It was for this purpose that the evidence was received in this case, to shew, as the presiding Judge says in his report, why it was that Stocker was navigating the Hayne as his own, for his own exclusive benefit, and under his own exclusive control; and as a consequence of this, he was fro hac vice the owner, and, as such, alone liable for the goods which had been furnished by the plaintiff on the contract and the individual credit of Stocker. The objection is, that the written evidence of title is contradicted by the parol, but the facts proved do not contradict the written evidence. The agreement that Stocker should retain the possession and use the ship as his own, and that, if he paid up the debts for which the defendants were liable, the Hayne should be his again (for that is the effect of the agreement) does not alter or vary the written contract, but is consistent with it. In the case of Leonard vs. Huntington, the defendant had sold the ship to Bingham, but was not to make a title until the price was paid. The plaintiffs had repaired the ship in a foreign port at the request, and, as it seemed, on the credit, of Bingham. The legal title was in the defendant, and the register stood in his name. He was allowed to prove, without objection, all the facts of the case, to shew that Bingham, and not he, was liable for the repairs. For the same reason the evidence in this case was received. I thought at the trial, and still think, it was properly received for the purpose above stated.
On the other question, whether the defendants were liable merely because they were the legal owners, little need be said. The case of Leonard vs. Huntington shews that where the work was done on the credit of *480 another, the legal owner is not liable. In James vs. Bixhy, 11 Mass. R. 34, where repairs were done in a foreign port, on the credit and at the request of the consignee, the legal owner was held not to be liable. In that case, as in this, the bill had been rendered and notes taken from the persons with whom.the contracts had been made. But the third ground of appeal goes a little farther, and insists that the judge should have charged the jury that, if the plaintiff gave credit to the owner (whoever he might be) and, believing Stocker to be the owner, gave credit to him, still the defendants were liable as owners. I apprehend there is no ground for such a distinction in this case. The argument arises out of the manner in which the goods are charged in the plaintiff’s books, “Brig Hayne, Master and Owners,” from which it is argued that the credit was given to the owners, whoever they might be. The argument would prove that the Brig and master, as well as the owner, were liable. There was no lien on the brig and she was not liable. The goods were not furnished at the request of the master, who is liable only by reason of his contract, but on a.contract made with Stock-er himself, and therefore the master was not liable, and the cases above cited shew, that where the contract is made by another, and the goods are supplied on his credit individually, the owner is not liable. The manner in which the charges are made in the books cannot create a liability where none exists. The subsequent conduct of the plaintiff in presenting the accounts to Stocker, as debts due by j him, the taking and renewing the notes, all shew, conclu-l sively, to whom the credit was given, and that, Chancellor |_Kent says, is the proper question to be decided. This court is of opinion there was no error in the circuit court, and the motion is dismissed.
Richardson, O’Neall, Butler, Wardlaw and Frost, JJ. concurred.